No. 23-50632

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

GREG ABBOTT, in his official capacity as Governor of Texas, and STATE OF TEXAS,
*Defendants/Appellants*

**UNITED STATES' OPPOSITION TO APPELLANTS' MOTION FOR A TEMPORARY ADMINISTRATIVE STAY**

TODD KIM
*Assistant Attorney General*

MICHAEL T. GRAY
ANDREW BERNIE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 514-4010
andrew.m.bernie@usdoj.gov

i

Appellants Greg Abbott and the State of Texas (collectively, Texas or the State) have filed a motion for a stay pending appeal of the district court's September 6, 2023 preliminary injunction and for an administrative stay. ECF No. 11 (Motion). Subject to the Court's direction, the United States intends to respond to the motion for a stay pending appeal by 9:00 am Central Time on September 11, 2023. In the meantime, the Court should deny Texas's motion for an immediate administrative stay.

The order on appeal directs Texas to, in coordination with the United States Army Corps of Engineers, reposition (not remove entirely) the floating barrier Texas built in the Rio Grande by September 15. PI Order at 41-42. Texas asserts that "a ruling by 12pm on September 11 is needed for 'coordination' with the Corps per court order, and with the State's contractor, who confirmed that repositioning was possible in 'four or five days.'" Mot. at 3 (citations omitted). Before September 11, then, Texas's compliance with the district court's order requires only preparatory work for the repositioning, including coordination with the Corps—which stands ready to coordinate with the State and its contractor when they are ready.

Even Texas's purported September 11 deadline is dubious. Texas cites only a statement from its contractor at the preliminary-injunction hearing explaining how it was possible to move the barrier system "in just a matter of four or five days," Tr. 102; the contractor did not say that it could not be moved in less time than that. And

1

the district court noted in its preliminary-injunction opinion that Texas previously moved the barrier system "within a period of three days"—and unlike here, Texas did that without a court order requiring such action. PI Opinion at 42 n.32.

In any event, since the only harms alleged by Texas derive from "[m]oving the buoys," *id.* at 9, and Texas by its own admission certainly does not need to move any buoys *before* September 11 in order to comply with the district court's order, there is no good cause to administratively stay the order prior to September 11. And the United States is prepared to respond to Texas's motion for a stay pending appeal at such time as the Court can consider the motion and response in time to rule expeditiously on Texas's stay motion.*

Conversely, a multi-day administrative stay threatens to delay Texas's preparatory work—by, among other things, diminishing Texas's incentive to coordinate with the Corps—and thereby threatens Texas's ability to comply with the repositioning deadline prescribed by the district court, even if this Court (as is likely) ultimately declines to enter a stay pending appeal. Texas's request for an administrative stay should accordingly be denied.

---

* The United States respectfully suggests that a response filed by 9am Central Time on September 11 will provide the Court adequate time to consider Texas's motion.

          Respectfully submitted,

          /s/ *Andrew M. Bernie*
          Todd Kim
          *Assistant Attorney General*

          Michael T. Gray
          Andrew M. Bernie
          *Attorneys*
          Environment and Natural Resources Division
          U.S. Department of Justice
          950 Pennsylvania Avenue NW
          Washington, D.C. 20530
          (202) 514-4010
          andrew.m.bernie@usdoj.gov

September 7, 2023
90-5-1-1-22454

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2023, I electronically filed the foregoing opposition with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

> */s/Andrew M. Bernie*
> ANDREW M. BERNIE
> *Attorney, Appellate Section*
> Environment and Natural Resources Division
> U.S. Department of Justice
> 950 Pennsylvania Avenue NW
> Washington, D.C. 20530
> (202) 514-4010
> andrew.m.bernie@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this opposition complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 480 words, excluding the parts of the opposition exempted, according to the count of Microsoft Word.

*/s/Andrew M. Bernie*
ANDREW M. BERNIE
*Attorney, Appellate Section*
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 514-4010
andrew.m.bernei@usdoj.gov