No. 23-50632

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREG ABBOTT, IN HIS CAPACITY AS GOVERNOR OF THE STATE OF TEXAS; STATE OF TEXAS,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

## APPELLANTS' OPPOSED EMERGENCY MOTION TO STAY TRIAL PROCEEDINGS PENDING EN BANC REVIEW AND FOR A TEMPORARY ADMINISTRATIVE STAY

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

AARON L. NIELSON
Solicitor General
Aaron.Nielson@oag.texas.gov

LANORA C. PETTIT
Principal Deputy Solicitor General

COY ALLEN WESTBROOK
Assistant Attorney General

Counsel for Defendants-Appellants

# Certificate of Interested Persons

No. 23-50632

United States of America,

*Plaintiff-Appellee,*

*v.*

Greg Abbott, in his capacity as Governor of the State of Texas; State of Texas,

*Defendants-Appellants.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants, as governmental parties, need not furnish a certificate of interested persons.

/s/ Aaron L. Nielson

Aaron L. Nielson

*Counsel of Record for*
*Defendants-Appellants*

i

## Nature of Emergency

On January 17, 2024, this Court granted en banc rehearing in this case and set oral argument for the week of May 13, 2024. Just two days after the Court issued its order—and almost six months since the last district court hearing in this matter—the district court announced, "We are going to have a trial on the merits and we're going to have it soon, very soon"—namely, "as early in March as we can." Exh. A, Tr. 7, 10. Even though **(i)** the district court has not yet ruled on Texas's fully briefed motion to dismiss; **(ii)** Texas has not filed an answer to the United States' amended complaint; **(iii)** merits discovery under the Federal Rules has not begun; **(iv)** Texas has not yet identified its experts, let alone retained them for trial; and **(v)** no scheduling conference between the parties had occurred, the district court *sua sponte* ordered the parties to begin disclosing experts within just five days. Tr. 17. Encouraging the district court's newfound desire to rush this matter to trial in just weeks, the United States now claims that written discovery can be accomplished in under thirty days—despite previously telling the Chief Judge of the Western District of Texas in related litigation that it will take federal agencies months or years to produce documents.

The transcript of the district court's January 19, 2024 hearing was first made available on the evening of January 21, 2024. Texas filed a motion to stay proceedings with the district court as soon as practicable the following day. Because the district court ordered the parties to begin disclosing experts on Wednesday, January 24, 2024, Texas sought a stay of proceedings from the district court by 11:59 PM on

Tuesday, January 23, 2024. The district court, however, has not ruled on Texas's motion. Exh. B.[1] Texas thus now seeks emergency relief from this Court.

Rushing a trial in this important matter before completion of en banc review would waste resources of this Court, the district court, and the parties. It would also significantly prejudice Texas's sovereign interest in defending itself and the rights of millions of Texans. And it would do all of that while potentially mooting Texas's appeal and stripping this Court of appellate jurisdiction. The Court should exercise its inherent authority to stay trial proceedings until the en banc process is complete and the full Court can consider and decide the legal questions it has already determined to resolve.

**ARGUMENT**

**1.** In June 2023, as part of Governor Abbott's initiatives under Operation Lone Star, the State of Texas placed a buoy system at one major hotspot for illegal crossings in the Rio Grande near Eagle Pass, Texas. The United States brought this suit on July 24, 2023, seeking to eject the buoys from the Rio Grande and pressing claims solely under the Rivers and Harbors Appropriation Act of 1899. ROA.15. Shortly thereafter the United States sought a preliminary injunction, which the district court awarded on September 6, 2023. ROA.965-1006. Texas immediately appealed and obtained an administrative stay from this Court the following day.

---

[1] Yesterday, the district court suggested it might issue an order today with respect to Texas's motion for stay and apparently extended the deadline to disclose experts until January 26, 2024. *See* Exh. B. Texas accordingly waited until the close of business before seeking emergency relief from this Court.

ROA.1007, 1009. A Fifth Circuit panel later affirmed the district court's preliminary injunction. *United States v. Abbott*, 87 F.4th 616, 635 (5th Cir. 2023). Although the panel's written opinion purported to vacate the Fifth Circuit's administrative stay, Texas promptly sought en banc rehearing just three days later, well before the panel's mandate was scheduled to issue. *See* Pet. for Reh'g En Banc, ECF 105. On December 5, 2023, the next day, this Court ordered the United States to respond to Texas's petition for en banc rehearing.

While Texas's en banc petition was pending in this Court—and before the Court's mandate had issued to give the merits panel's order effect—the United States sought to enforce the district court's preliminary injunction. At 10:35 AM on January 17, 2024, the United States moved the district court for an order directing Texas to reposition the buoys, claiming that "[t]his Court's preliminary injunction is … in effect," Exh. C at 4, despite Texas explaining that this effort was "premature," *see* Exh. C at 3, 8; *cf.* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3987 (5th ed.) ("Until the mandate issues, however, the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal."). About fifteen minutes after the United States filed its motion in the district court, this Court granted en banc rehearing and ordered that "the panel opinion in this case dated December 01, 2023, is VACATED." *United States v. Abbott*, — F.4th —, 2024 WL 174374, at *1 (5th Cir. Jan. 17, 2024) (en banc) (per curiam). Texas has been ordered to file its en banc brief on February 16, 2024, and the en banc Court will hear oral argument the week of May 13, 2024.

At no point prior to this Court granting en banc rehearing did the district court suggest a trial would soon occur. Before January 19 (two days after the Court decided to rehear this case en banc), the most recent hearing was August 22, 2023. During this interim period, the United States moved for leave to file an amended complaint adding a new claim under the 1848 Treaty of Guadalupe Hidalgo. *See* First Am. Compl., ECF 58-1. The district court took nearly a month to grant that motion. *See* Order Granting Leave to Amend Compl., ECF 59. Then, on December 6, 2023, Texas moved to dismiss the United States' amended complaint, and by January 10, 2024, that motion to dismiss was fully briefed. *See* Defs.' Mot. to Dismiss First Am. Compl., ECF 62; Defs.' Reply in Supp. of Mot. to Dismiss First Am. Compl., ECF 65. To date, the district court has taken no action on the motion. Because the district court has not resolved the pending motion to dismiss, Texas has also not filed an answer, and the parties have not engaged in merits discovery. Nor did the district court ever order a scheduling conference under Federal Rule of Civil Procedure 26(f) or issue a scheduling order under Federal Rule of Civil Procedure 16(b).

Nonetheless, after this Court indicated it would rehear this case en banc, the district court ordered counsel to appear at an in-person hearing the following morning, Exh. D, where it announced that this case was going to trial in March, Tr. 7, 10. Specifically, on Friday, January 19, 2024, and without prior consultation with or between the parties, the district court *sua sponte* ordered the following trial schedule:

- January 24: Disclose expert witnesses[2]

---

[2] As explained above, the deadline has apparently been extended just two days to January 26, 2024. *See* Exh. B.

- February 16: Close of general discovery

- February 22: Expert reports due

- February 29: Close of expert discovery

- March 5: Proposed findings of fact and conclusions of law due

- March 11: Pretrial submissions due

- March 13: Objections to pretrial submissions due

- March 19-22: Trial

Tr. 17, 20-21, 28-30. Additionally, the district court indicated it would rule on Texas's motion to dismiss "probably right around the time we go to trial" and that Texas would "need to file [its] answer immediately thereafter," Tr. 20-21. The history of these proceedings shows the district court was in no hurry to get to trial— until this Court granted Texas's en banc rehearing petition.

**2.** This Court has inherent power to supervise district courts within the Fifth Circuit and stay district court proceedings in the interest of judicial economy. *See, e.g.*, *Cupp v. Naughten*, 414 U.S. 141, 146 (1973); *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (en banc). That power is also reflected in Federal Rule of Appellate Procedure 8(a). *See, e.g.*, *Stevens v. Corbell*, 832 F.2d 884, 886 (5th Cir. 1987) (noting that motions panel granted stay of district court proceedings, under Fed. R. App. P. 8(a), after district court entered "order granting a new trial"); *SEC v. Citigroup Global Mkts. Inc.*, 673 F.3d 158, 160-61 (2d Cir. 2012) (per curiam) (citing Fed. R. App. P. 8(a) as authority for staying district court's order of "a prompt trial"); *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989) (Easterbrook, J.) (noting that, after district court denied qualified immunity and "set the case for

trial," court of appeals "issued interim stays" so it could entertain interlocutory appeal). And appellate courts—including the Supreme Court—have exercised that authority to allow for en banc review. *See generally Foster v. Gilliam*, 515 U.S. 1301, 1303 (1995) (Rehnquist, C.J., in chambers) (staying district court proceedings where appeal was "set for argument before the en banc court"); *Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam) (stay pending en banc resolution); *cf. Rakovich v. Wade*, 834 F.2d 673, 675 (7th Cir. 1987) (en banc) (per curiam) (denying stay without prejudice to allow district court first opportunity to consider granting a stay after the court of appeals granted en banc review).

In considering whether to stay the district court's proceedings, this Court should consider whether permitting the district court to proceed to trial would be an inefficient use of judicial resources given the en banc Court's review of case-dispositive legal issues, whether a hastened schedule could prejudice the parties' interests in the litigation, and whether any special factors justify a unique rush to judgment. *Cf. PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682-84 (5th Cir. 1973) (addressing analogous situation of duplicative judicial proceedings); *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) (same).

Here, each of those considerations favors staying trial proceedings pending en banc review.

*First*, there is no question that the pending en banc proceedings in this Court could obviate the need for a trial in the district court. "[I]t would be the height of judicial inefficiency to conduct" a trial while the en banc Court reconsiders the district court's legal conclusions. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243

(5th Cir. 2009). Indeed, the en banc Court could issue a decision clarifying the law in significant ways that differ from the district court's preliminary injunction. The en banc Court could, for example, adopt Judge Willett's conclusion—based on the 1899 Act's text and context, and Supreme Court precedent interpreting it—that this stretch of the Rio Grande is not commercially navigable. *Abbott*, 87 F.4th at 637-42 (Willett, J., dissenting). Or it could conclude that the buoy system is not a proscribed "obstruction" since it runs with the current, Appellants' Br. 21-24, ECF 61; that it is not a categorically prohibited "structure[]" given the statute elsewhere permits buoys, *id.* at *25-30; or that independent constitutional constraints foreclose the district court's sweeping reading of the statute, *id.* at *31-39.

Each of those issues is addressed in Texas's appellate briefing and will be presented in full in Texas's en banc brief, which the Court ordered Texas to file on February 16, 2024. And any one of these legal conclusions would counsel in favor of *dismissing* this case entirely, thus mooting the need for trial. At the very least, the en banc Court's "resolution of this appeal will clarify the proceedings below," *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014), by providing guidance about the "proper test" to apply to any subsequent factfinding, *Abbott*, 87 F.4th at 636 n.5 (Willett, J., dissenting). It is highly inefficient to proceed to trial—much less expedited trial—before this Court identifies the proper legal standard.

*Second*, holding trial in March would plainly prejudice Texas. The schedule ordered *sua sponte* by the district court requires trial in eight weeks—even though that court has not yet ruled on Texas's pending motion to dismiss, Texas has not yet filed an answer, no initial disclosures have been made, and no discovery has occurred

since the limited discovery permitted in advance of the preliminary-injunction hearing. Such expedited discovery is woefully inadequate for such an important case and will plainly prejudice Texas's ability to defend itself. *See, e.g.*, *In re Landry*, 83 F.4th 300, 305 (5th Cir. 2023) (granting mandamus relief where trial court in a "unique rush" inexplicably failed to provide adequate time for trial). Indeed, Texas has not yet had time to decide who will serve as its expert witnesses at trial, let alone to retain them. Nor has Texas had an opportunity to prepare its discovery or trial strategies. Simply put, until the district court's *sua sponte* order here, no party believed this case would be tried on an expedited basis.

Consider the following rules governing the orderly flow of litigation that the proposed schedule disregards. By rule a defendant is entitled to 14 days after denial of a motion to dismiss to submit its answer, Fed. R. Civ. P. 12(a)(4)(A), not an "immediate[]" turnaround because the district court thinks "[i]t'll take you five minutes" to prepare the pleading, Tr. 19, 21. By rule parties have 14 days (not just 5) to make initial disclosures "after the parties' Rule 26(f) conference" and expert reports must be filed "at least 90 days" (not just 26) "before the date set for trial." Fed. R. Civ. P. 26(a)(1)(C), (a)(2)(D)(i). Finally, parties by rule have 30 days to respond to any interrogatories, requests for production or inspection, and requests for admission. *Id.* R. 33(b)(2), 34(b)(2)(A), 36(a)(3). But the district court allocated fewer than 30 days for the *entire period* of general fact discovery.

Despite failing to ask for an expedited trial, the United States now embraces the district court's accelerated timeline in the wake of this Court's order that this case will be reheard en banc. *See* Tr. 12 ("Your Honor, we absolutely agree and agree with

the expeditious timing of the trial."). It even suggests that all general discovery can be completed in under 30 days. Yet the United States took a different stance in a related case within the Western District of Texas involving Texas's border-security infrastructure. There, Chief Judge Moses ordered the United States to produce relevant documents concerning the destruction of Texas's concertina-wire fencing by federal agents. Order, *Texas v. DHS*, No. 2:23-cv-55, ECF 33 (W.D. Tex. Nov. 9, 2023). The United States refused to comply on the ground that "it could take between several months and several years to perform the searches." Notice, *Texas v. DHS*, No. 2:23-cv-55, ECF 43 at 5 (W.D. Tex. Nov. 21, 2023).

The district court thus has ordered a "unique rush" to trial here. *In re Landry*, 83 F.4th at 305. During last Friday's hearing, the district court indicated that it had already decided to hold a trial and that nothing Texas could say would change the court's mind:

- Initially, the district court seemed unaware that the United States had filed an amended complaint or that Texas had moved to dismiss it. *See* Tr. 17-18 (asking whether the United States had filed an amended complaint, how it differed from the original complaint, and when the answer to it was due).

- Upon being informed that the motion to dismiss the amended complaint was fully briefed, the district court suddenly announced it was "going to deny the motion to dismiss," apparently without having read it, because "[t]he facts are highly contested." Tr. 18-19.

- Moments later, after Texas's counsel explained that a motion to dismiss presents pure questions of law, the district court announced that it would "withdraw" its oral denial of the (apparently unread) motion, Tr. 19, but suggested that "we will still need the trial" "regardless of how I rule on" the motion to dismiss, Tr. 20.

- When counsel reminded the district court that Texas had moved to dismiss *both* the claims under the Rivers and Harbors Act and the 1848 Treaty, the district court said it would rule on Texas's motion but again reiterated: "Get ready for trial. Okay? There *will* be a trial." Tr. 20 (emphasis added).

Additionally, counsel for Appellants have many previously scheduled matters in other proceedings which provide good cause to stay or continue the March 19 trial date here. Counsel for Appellants are presently preparing to defend against two motions for preliminary injunction, in which the United States, two nonprofit organizations, and El Paso County seek to enjoin enforcement of the recently enacted Senate Bill 4. *See Las Americas Immigrant Advoc. Ctr. v. McCraw*, No. 1:23-cv-01537 (W.D. Tex.); *see also United States v. Texas*, No. 1:24-cv-00008 (W.D. Tex.). The preliminary injunction motion in *United States v. Texas,* No. 1:24-cv-00008, is set for hearing in the U.S. District Court for the Western District of Texas on February 13, 2024. *See* Order, ECF 13 (W.D. Tex. Jan. 12, 2024); *see also* Tr. 10 (Mr. Walters: "Your Honor …. I would say that our entire team is facing [a] preliminary injunction hearing … that is currently scheduled in this court before Judge Pitman for February 13th."). Furthermore, in *Texas v. DHS*, No. 23-50869, oral argument is scheduled before this Court on February 8, 2024. *See* Notice, ECF 75 (5th Cir. Jan. 2, 2024); *see also* Tr. 13-14 (Mr. Walters: "Your Honor, our position is that moving to a trial at this stage with all the other proceedings would be a waste of this Court's time and agency resources at the Attorney General's Office …. We have cases up and down the federal judiciary involving the concertina wire at the border before Judge Moses that's currently in the Supreme Court, but likely to be coming back down and moving forward in the District Court …."). Finally, in this

10

matter, Appellants must file their en banc brief in this Court by February 16, 2024, and prepare for en banc oral argument, which will be heard the week of May 13, 2024.

*Third*, the lower court here pointed to no special "circumstances [that] require" ignoring so many deadlines, as well as a fully-briefed dispositive motion. *In re Landry*, 83 F.4th at 305. The district court's only stated reason for haste was a desire that this case not "get tied up with these other cases" between Texas and the United States. Tr. 9-10. In the process, however, the district court made an extra-record assertion that has already been rejected in one of those very cases by the Chief Judge of the U.S. District Court for the Western District of Texas. *Compare* Tr. 22-23 (Ezra, J.) (speculating that Texas's "concertina wire hasn't been effective"), *with Texas v. DHS*, No. 2:23-cv-55, 2023 WL 8285223, at *3 (W.D. Tex. Nov. 29, 2023) (mem. op.) (Moses, C.J.) ("The wire serves as a deterrent—an effective one at that."). That highlights the risk of "uncertainty for the state" caused by "conflicting courts' scheduling and determinations." *In re Landry*, 83 F.4th at 305.

Furthermore, the buoys have been in the Rio Grande for more than 7 months. During that time, Texas has continued to maintain around-the-clock surveillance. *See* ROA.327-28. Not one person has been injured or killed by contact with the buoys. *See* ROA.327-28. And no one has attempted to climb over them—much less succeeded in doing so. *See* ROA.327-28. The buoys have thus proven an effective tool to channel illicit cross-river criminal activity to other locations, while presenting no danger to anyone. *See* ROA.327-28. And because the en banc Court is set to receive briefing during February and March, followed by oral argument in May, a stay here would not be "indefinite." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th

Cir. 1982). Indeed, as Chief Judge Moses recently found in a parallel case involving Texas's deployment of concertina wire, the United States' efforts to breach Texas's border barriers are "begetting life-threatening crises for aliens and agents both," by encouraging dangerous river crossings between ports of entry. *Texas*, 2023 WL 8285223, at *14.

**3.** Finally, the district court's effort to hold an expedited trial could reasonably be seen as an attempt to interfere with (if not render moot) Texas's appeal of its preliminary injunction before the en banc Court. This provides yet another reason to stay proceedings. The Court determined to take this case en banc "prior" to the district court indicating that a trial would be necessary, much less a trial with an extremely compressed schedule. *Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962). The district court should therefore have stayed any trial proceedings pending en banc review, as district courts regularly do. *See, e.g.*, *Bryton v. Preferred Collection & Mgmt. Servs., Inc.*, No. 8:21-cv-2608, 2022 WL 2111496, at *1 (M.D. Fla. May 26, 2022) (staying proceedings pending en banc review in the Eleventh Circuit); *Strong v. Walgreen Co.*, No. 09-cv-611, 2010 WL 2178840, at *1 (S.D. Cal. May 25, 2010) (staying proceedings pending en banc review in the Ninth Circuit); *Brumbach v. United States*, 929 F.3d 791, 793 (6th Cir. 2019) (describing how the district court stayed proceedings pending en banc review in the Sixth Circuit).[3] The same should have happened here.

---

[3] The Court may stay the district court's proceedings for the reasons explained above. As *Landry* confirms, however, it would also be appropriate to issue a supervisory writ of mandamus or prohibition. If necessary, Texas accordingly asks the Court to construe this emergency motion as a petition for such a writ.

## Conclusion

The en banc Court should stay any trial proceedings pending a decision from the full Fifth Circuit. In light of the upcoming deadlines in the district court, the State respectfully requests an administrative stay before Friday, January 26, 2024.

Respectfully submitted.

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

/s/ Aaron L. Nielson

Aaron L. Nielson
Solicitor General
Aaron.Nielson@oag.texas.gov

Lanora C. Pettit
Principal Deputy Solicitor General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Coy Allen Westbrook
Assistant Attorney General

Counsel for Defendants-Appellants

# Certificate of Compliance with Rule 27.3

I certify the following in compliance with Fifth Circuit Rule 27.3:

- Before filing this motion, counsel for Appellants contacted the Clerk's Office and opposing counsel to advise them of the intent to file this motion.

- The facts stated herein supporting emergency consideration of this motion are true and complete.

- The Court's review of this motion is requested as soon as possible. Appellants respectfully request an administrative stay before Friday, January 26, 2024, while the en banc Court considers this motion.

- True and correct copies of relevant orders and other documents are attached as exhibits to this motion.

- This motion is being served at the same time it is being filed.

- The names of counsel representing the parties, including their contact information, are as follows:

*Counsel for the United States of America*

> Mary F. Kruger
> United States Attorney's Office
> Western District of Texas
> 601 NW Loop 410, Suite 600
> San Antonio, TX 78216
> (210) 384-7300 (tel.)
> (210) 384-7322 (fax)
> mary.kruger@usdoj.gov

> Brian H. Lynk
> Kimere J. Kimball
> Andrew D. Knudsen
> U.S. Department of Justice
> Environmental Defense Section
> P.O. Box 7611

Washington, DC 20044
(202) 514-6187 (tel.)
(202) 514-8865 (fax)
brian.lynk@usdoj.gov
kimere.kimball@usdoj.gov
andrew.knudsen@usdoj.gov

Andrew M. Bernie
andrew.m.bernie@usdoj.gov
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 514-4010

Michael T. Gray
michael.gray2@usdoj.gov
P.O. Box 7415
Washington, D.C. 20044
(202) 532-3147

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Conference

On January 24, 2024, counsel for Appellants conferred with counsel for Appellee, who stated that Appellee opposes the relief requested in this motion. Before filing this motion, counsel for Appellants contacted the clerk's office and opposing counsel, advising of Appellants' intent to file the emergency motion.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Service

On January 24, 2024, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3627 words, excluding the parts of the motion exempted by rule; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Aaron L. Nielson
Aaron L. Nielson