No. 23-50632

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

GREG ABBOTT, in his capacity as Governor of the State of Texas, and
STATE OF TEXAS,
*Defendants/Appellants*

On appeal from the United States District Court for the Western District of Texas
Case No. 1:23-cv-00853

## UNITED STATES' OPPOSITION TO MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS

JAIME ESPARZA
*United States Attorney*

LANDON WADE
*Assistant United States Attorney*
United States Attorney's Office
Western District of Texas
601 N.W. Loop 410, Ste 600
San Antonio, TX 78216

TODD KIM
*Assistant Attorney General*

ANDREW M. BERNIE
MICHAEL T. GRAY
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3147
michael.gray2@usdoj.gov

## CERTIFICATE OF INTERESTED PERSONS

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellees, as a

governmental party, need not furnish a certificate of interested persons.

/s/Michael T. Gray
MICHAEL T. GRAY
Attorney, Appellate Section
Environment and Natural Resources
Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3147
michael.gray2@usdoj.gov

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

INTRODUCTION .................................................................................................1

BACKGROUND ...................................................................................................2

ARGUMENT ........................................................................................................4

I.      This Court lacks appellate jurisdiction to review or stay the
        district court's pre-trial orders. ........................................................4

II.     Texas has not argued or met the standard for a writ of
        mandamus. ..........................................................................................9

        A.      The district court is lawfully exercising its jurisdiction to
                proceed to trial on the merits. ................................................9

        B.      The district court's merits proceedings do not prejudice
                Texas in a manner that could warrant mandamus. .............15

        C.      A stay would significantly prejudice the United States. .....20

CONCLUSION ...................................................................................................21

CERTIFICATE OF COMPLIANCE

# INTRODUCTION

Texas asks this Court to stay district court proceedings, including trial on the merits, while its appeal from the district court's preliminary injunction order (which only encompasses one of the two claims the district court must decide on the merits) remains pending before the en banc court. But Texas does not provide a single example of any federal court of appeals staying district court proceedings during the pendency of a preliminary injunction appeal. In fact, this Court lacks appellate jurisdiction to do so, as Texas has not filed a notice of appeal from either of the two pertinent orders—one setting the case for trial and another denying Texas's motion for a stay—that the district court has entered.

If this Court were to treat Texas's motion as a petition for a writ of mandamus, *see* Mot. 12 n.3, Texas cannot (and has not tried to) meet the exacting standards for granting that writ. This Circuit has long held that a preliminary injunction appeal does not divest the district court of jurisdiction and that "an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits." *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963). This Court should not depart from that hornbook rule for three reasons: First, the district court is engaged in a lawful exercise of its jurisdiction, and the en banc Court's decision will not resolve the entire case; it makes no sense to stay district court proceedings for the many months' duration of en banc

1

proceedings when merits proceedings will be necessary regardless of what the en banc Court decides. Second, Texas has not established any substantial prejudice caused by the district court's following the usual rule that a court may proceed to trial on the merits while a preliminary injunction appeal is pending—indeed, virtually all of Texas's argument concerning prejudice involves complaints about the timing of the district court's chosen deadlines, which complaints Texas is free to raise with the district court (or conceivably with this Court on appeal of a final judgment), but which are not a basis for this Court preemptively involving itself in the district court proceedings. Third, staying merits proceedings—including the United States' distinct claim based on Article VII of the 1848 Treaty of Guadalupe Hidalgo—would unfairly prejudice the United States.

## BACKGROUND

Texas appeals from a preliminary injunction directing it to move to the riverbank a 1,000-foot-long barrier it built, without federal authorization, in the middle of the Rio Grande, along the international border. The United States sued Texas for violating section 10 of the Rivers and Harbors Act of 1899 and sought a preliminary injunction to compel Texas to remove the barrier and to prevent Texas from building more barriers in the river without federal authorization. The district court concluded that Texas's actions likely violated the statute, that the United States likely would suffer irreparable harm before a disposition on the merits, and

2

that the equities favored the United States. The district court therefore granted a preliminary injunction requiring Texas to move the barrier to the riverbank and prohibiting Texas from building more barriers in the river while the case proceeds.

Texas appealed the preliminary injunction and moved for a stay pending appeal. A motions panel entered an administrative stay to "preserve the status quo pending further order of the oral argument panel" and referred the motion for stay pending appeal to that panel. 5th Cir. Docket No. 36-2. After receiving full briefing and hearing oral argument, the merits panel affirmed the district court's judgment, ordered the administrative stay dissolved, and denied the motion for stay pending appeal. *United States v. Abbott*, 87 F.4th 616 (5th Cir. 2023). Texas petitioned for rehearing en banc, and this Court granted the petition, vacating the panel opinion. 5th Cir. Docket No. 115. Though the order granting rehearing en banc did not explicitly address it, vacating the panel opinion appears to have restored the status quo-preserving administrative stay, and Texas's motion for a stay pending appeal remains unresolved.

In the meantime, the United States filed an amended complaint reasserting the Rivers and Harbors Act claim and adding a claim that Texas's actions are also contrary to Article VII of the 1848 Treaty of Guadalupe Hidalgo. ECF 60. Texas moved to dismiss both claims, and the district court has stated its intent to rule on that fully briefed motion by January 31. ECF 76 (Attachment 1), at 7. On January

3

19, the district court held a status conference and entered an order setting a bench trial for the week of March 19, along with related pretrial dates. ECF 72, 73. Texas filed an emergency motion to stay proceedings, ECF 71, and then, less than 48-hours later, filed the present motion in this Court. Shortly after the present motion was filed, the district court entered a written order denying Texas's motion to stay proceedings in that court, ECF 76, and then a supplemental order on the motion, ECF 77 (Attachment 2).

## ARGUMENT

### I.   This Court lacks appellate jurisdiction to review or stay the district court's pre-trial orders.

This is an appeal from the district court's order entering a preliminary injunction. ROA.1005-1006. This Court has jurisdiction to review *that order* under 28 U.S.C. § 1292(a)(1). But the district court retains jurisdiction over the rest of the underlying case. *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982) ("The district court maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken."). The district court has exercised that jurisdiction and entered both an order setting a bench trial and related deadlines, ECF 73, and an order denying Texas's request to stay the district court proceedings, ECF 76. As we explain below, the district court's pretrial orders are sound. But as a threshold

matter, this Court lacks appellate jurisdiction to review those orders in the current posture.

Texas has not noticed an appeal from either of the district court's pretrial orders, instead moving for relief in this pending preliminary injunction appeal. But in the absence of a notice of appeal from those other orders, this Court has no jurisdictional basis to review them. The filing of a notice of appeal is the jurisdiction-conferring event. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals."); *cf. Colbert v. Brennan*, 752 F.3d 412, 417 (5th Cir. 2014) (dismissing for lack of jurisdiction because of lack of operative, timely notice of appeal).

Texas asserts that the Court has "inherent power to supervise district courts." Mot. 5. But the cases Texas cites involve appellate courts establishing rules for district courts within their jurisdictions to follow in future cases, undertaken in the context of reviewing appealed orders in particular cases. *Id.* (citing *Cupp v. Naughten*, 414 U.S. 141, 146 (1973); *United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir. 1980) (en banc)). In *Dunbar*, for example, this Court exercised its "supervisory jurisdiction" in the context of an appeal from a criminal conviction to hold that "an appeal from the denial of a frivolous double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court

5

has found the motion to be frivolous." 611 F.2d at 986. The Court did not expand

its jurisdiction to encompass matters not properly placed before it.

Texas's reliance on Federal Rule of Appellate Procedure 8 is unpersuasive.

Mot. 5. That rule allows for "a stay of the judgment or order of a district court

pending appeal," meaning a stay of the judgment or order that is appealed, not a

stay of *any* order of a district court pending an appeal of a *different* order. In

*Stevens v. Corbell*, 832 F.2d 884, 886 (5th Cir. 1987), upon which Texas relies, the

defendants asserted qualified immunity and invoked the collateral order doctrine to

appeal from orders granting a new trial and denying certification for interlocutory

appeal under 28 U.S.C. § 1292(b), and a motions panel stayed those orders on a

motion under Rule 8. That is entirely standard procedure, not license for this Court

to use a pending preliminary injunction appeal to review unrelated interlocutory

orders.

The out-of-circuit case *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), is

likewise distinguishable. There, the court had issued "interim stays" of proceedings

to address "whether an appeal" of an order denying an officer qualified immunity

under Section 1983 "prevents district judges from proceeding to trial," a question

on which "no court of appeals ha[d] spoken." *Id.* at 1337. And qualified immunity,

as an immunity, is effectively lost if the case goes to trial while the appeal is

pending. *See*, *e.g.*, *Scott v. Harris*, 550 U.S. 372, 376 n.2 ("Qualified immunity is

an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is permitted to go to trial.").[1] By contrast, it is well established that preliminary injunction appeals do not prevent district judges from proceeding to trial. *Lynd*, 321 F.2d at 28.

Texas could invoke this Court's jurisdiction to review the district court's order denying a stay of proceedings and setting a trial schedule by petitioning for a writ of mandamus or prohibition. *See*, *e.g.*, *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (granting mandamus petition to require district court to reconsider its order granting a stay). Texas has not filed such a petition. In a footnote, Texas asks the Court to construe its motion as a petition for a writ of mandamus "if necessary." Mot. 12 n.3. But while this Court has held that it has the discretion to treat an *appeal* as if it were a petition for mandamus, *e.g.*, *Leonard v. Martin*, 38 F.4th 481, 489 n.4 (5th Cir. 2022) (noting "this court may, in its discretion, treat an appeal as a petition for a writ of mandamus"), Texas cites no authority for treating a motion seeking a stay of orders that *have not been appealed* as a mandamus petition. Indeed, Texas filed its motion before the district court even issued its detailed order denying Texas's motion to stay proceedings. In these circumstances,

_____

[1] Texas does not, and cannot, assert any immunity from suit that could (in a proper procedural posture) warrant staying the underlying case during an appeal of that issue. *See PennEast Pipeline Co., LLC v. New Jersey*, 141 S.Ct. 2244, 2258-59 (2021) (explaining that "the States 'agreed in the plan of the Convention not to assert any sovereign immunity defense'" to "suits by the Federal Government").

it would make little sense to treat Texas's premature motion as a petition for a writ of mandamus to overturn an order that had not been issued when the motion was filed.

Regardless, this Court should decline to treat Texas's motion as a petition for mandamus because Texas has not complied with Rule 21. "[A] government agency—which is represented by competent attorneys who regularly practice before this court—should not be able to petition for a writ of mandamus without writing any petition, without serving anything even arguably construable as such on the district court (the nominal defendant in a mandamus action), and without paying any attention at all to the directly applicable federal rule of appellate procedure." *E.E.O.C. v. Neches Butane Prod. Co.*, 704 F.2d 144, 152 (5th Cir. 1983). Thus, "a mandamus petitioner may not fail to comply with rule 21 without providing an adequate excuse." *Id.* Texas has not proffered any excuse for its failure to follow that ordinary course of procedure, especially given that the trial is still nearly two months away.

In sum, this Court should not treat Texas's motion as a petition for mandamus, and the Court should deny the motion because it lacks jurisdiction to review the district court's orders that are the subject of the motion. *See In re Kilpatrick*, 167 F.2d 471, 471 (5th Cir. 1948) (per curiam) (denying writ of prohibition to prevent matter from going to trial because it was "quite plain that

8

this court is without jurisdiction to consider the merits of the questions sought to be raised in the applications for the writs and that for want of jurisdiction the petitions must be denied").

## II.     Texas has not argued or met the standard for a writ of mandamus.

If this Court were to consider Texas's motion as a petition for a writ of mandamus, it should deny the petition because Texas does not even acknowledge the applicable standard, much less argue or meet it.

The Supreme Court "repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). Thus, to obtain the writ, "the party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." *Id.* (citations and internal marks omitted). Texas cannot show a clear, indisputable right to a stay of district court proceedings because that court is lawfully exercising its jurisdiction, the en banc proceedings will not decide the merits of the underlying claims, Texas suffers no prejudice absent a stay, and a stay would prejudice the United States.

### A.     The district court is lawfully exercising its jurisdiction to proceed to trial on the merits.

The Supreme Court and this Court have repeatedly emphasized that the "traditional use of the writ in aid of appellate jurisdiction both at common law and

9

in the federal courts has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *In re Gee*, 941 F.3d 153, 158 (5th Cir. 2019) (citations omitted); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)); *see also* 16 Wright & Miller § 3932 ("The most common traditional statement is that the extraordinary writs are available to a court of appeals to prevent a district court from acting beyond its jurisdiction, or to compel it to take action that it lacks power to withhold.").

Here, there can be no doubt that the district court is lawfully exercising its jurisdiction. The rule in this Circuit has long been that a preliminary injunction appeal does not divest the district court of jurisdiction and "an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits." *Lynd*, 321 F.2d at 28; *see also* 11A Fed. Prac. & Proc. Civ. § 2962 (3d ed.) (noting that "the case may proceed to a trial on the merits" while a preliminary injunction appeal is pending). This Court has emphasized the rule over and over again in its cases. *See*, *e.g.*, *Ry. Labor Execs. Ass'n v. City of Galveston*, 898 F.2d 481 (5th Cir. 1990) (holding "court did not act improperly in considering the plaintiff's petition for a permanent injunction" while appeal was pending from preliminary injunction); *Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (explaining that a supplemental complaint that postdated a preliminary injunction order then on appeal "properly pends before the District

10

Court"); *Nalco Chem. Co. v. Hall*, 347 F.2d 90, 92 (5th Cir. 1965) ("There is indeed no reason why the case could not have proceeded to a trial on the merits while this [preliminary injunction] appeal was pending."). For a writ of mandamus to issue, Texas would have to clearly and indisputably demonstrate that the district court is exceeding its jurisdiction, but this Court's case law clearly and indisputably demonstrates the opposite.

The circumstances of this case aptly demonstrate why a district court is free to proceed to the merits while a preliminary injunction appeal is pending. After the district court entered the preliminary injunction, the United States filed an amended complaint that pleads two claims. Only the first claim, alleging that Texas violated Section 10 of the RHA, is the subject of the preliminary injunction and this Court's review in Texas's appeal. The second claim in the amended complaint alleges that Texas's installation of the barrier in the Rio Grande is contrary to Article VII of the 1848 Treaty of Guadalupe Hidalgo, which prohibits "construct[ing] any work that may impede or interrupt, in whole or in part," the "free and common" "navigation" of the Rio Grande. *See generally* ECF 60 ¶¶ 17-21, 42-45 (First Amended Complaint); ECF 63 at 10-20 (United States' opposition to Texas's motion to dismiss). That distinct claim was not at issue in the preliminary injunction proceedings either in the district court or on appeal.

Even if this Court's review of the preliminary injunction appeal were to resolve any purely legal issues as to the RHA claim (which it would not for the reasons discussed in the next paragraph), the resolution of the RHA claim will by no means resolve the treaty claim. The treaty precludes either country from impeding the free navigation of any part of the river without the other country's consent. ECF 63 at 10. *See id.* at 17 (noting Article VII protects right of navigation across the river). Furthermore, the treaty claim does not require finding that any segment of the Rio Grande is *commercially* navigable, as "navigation" under the treaty's terms includes any navigation and is not limited to just commercial navigation. *Id.* at 17-18. Notably, Texas has not disputed that the treaty's definition of "navigation" is broader than the RHA's. *See* ECF 65 at 1-6 (Texas's reply in support of motion to dismiss). Thus, although the treaty claim arises from the same factual occurrence—Texas's unilateral and unauthorized placement of the barrier in the Rio Grande—the treaty claim is legally distinct from the RHA claim, and its success does not depend on the RHA claim.

Even as to the RHA claim, this Court's en banc review is limited in scope. This Court reviews the district court's grant of a preliminary injunction only for abuse of discretion based on the factual record compiled at the preliminary injunction stage. *Speaks v. Kruse*, 445 F.3d 396, 399 (5th Cir. 2006). The evidence at trial will naturally be more robust than the evidence at the preliminary injunction

stage and will include expert testimony on, among other things, historical navigability, water levels at Amistad Dam, and the ability to reasonably improve the Rio Grande's navigable capacity.

Indeed, Judge Willett's dissent took care to observe that his disagreement with the panel majority (and the district court) was based on the factual record established at the preliminary injunction stage. *Cf. Abbott*, 87 F.4th at 641 (Willett, J., dissenting) (opining that "there is not sufficient evidence to find that the United States is likely to prevail in showing that this specific 1,000-foot stretch of the Rio Grande was historically used or susceptible of use in commerce"); *id.* at 642 ("The record thus does not support the district court's holding that the Rio Grande segment is navigable because reasonable improvements could make it suitable for commerce."). The record at the upcoming trial will necessarily differ and will therefore require new analysis.

Texas's en banc petition also reflects that limited scope. Texas petitioned for en banc review on two issues: (1) whether the equities favor a preliminary injunction, an issue that does not bear on the United States' entitlement to relief on the *merits* for a violation of federal law; and (2) whether the United States met its evidentiary burden at the preliminary injunction stage to establish a likely RHA violation. Neither of those issues will resolve the merits of the RHA claim, no matter how this Court rules.

The district court similarly noted that it will decide the merits of the navigability issue based on "whatever the evidence will be at the trial, not at the preliminary injunction hearing." ECF 69 at 12; ECF 76 at 5-6 (noting that because "the United States succeeded in showing a likelihood of success at the preliminary injunction stage does not speak to what the Plaintiff may prove at trial and certainly will not resolve dispositive issues in this case"); ECF 76 at 16. Texas now contends that this Court's en banc review might decide the case and obviate the need for trial. Mot. 6-7. But Texas has emphasized in nearly every filing that the question of navigability is one of fact, not a question of law, that must be proved with evidence. *E.g.*, 5th Cir. Docket No. 61 at 14, 16 ("Navigability is a fact question that 'should be determined by evidence' in open court." (citation omitted)); 5th Cir. Docket No. 83 at 3 (emphasizing that the United States agrees that "[n]avigability is a factual question," and bears the burden of proof). The purpose of a trial on the merits is to develop the full evidentiary record, which was not available at the time of the district court's preliminary injunction order and thus is not before the en banc Court in this interlocutory appeal. ECF 76 at 16-17 ("The State of Texas ignores the fact that there are two words in preliminary injunction. The operative one is preliminary, as it assumes there will be a trial on the merits and either a granting or denying of a permanent injunction."); *cf. University of*

*Texas v. Camenisch*, 451 U.S. 390, 393-94 (1981) (declining to equate "likelihood of success" at the preliminary stage with "success" on the merits).

Texas provides no example of any court taking the path it asks this Court to take. And the cases Texas does cite do not support its novel request. For example, in *In re Landry*, 83 F.4th 300, 305 (5th Cir. 2023) the State defendant asked the court of appeals for a writ of mandamus to "require the district court to promptly convene trial on the merits," exactly the opposite of what Texas seeks here. The issue in *Landry* was whether the district court should hold "a remedial proceeding for a preliminary injunction" that was then on appeal. *Id.* Here, in contrast, the district court does not plan to reconsider its preliminary injunction, but instead intends to move forward with trial on the merits. ECF 76. That trial, and any resultant ruling on the merits, is not "parallel" to the preliminary injunction or any interlocutory appeal from it and thus should not be stayed pending such proceedings. *Lynd*, 321 F.2d at 28.

**B.     The district court's merits proceedings do not prejudice Texas in a manner that could warrant mandamus.**

Texas raises a number of complaints about the timing of the district court's pre-trial deadlines, but the district court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d at 318 (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.

1979)). Texas argues that the Court has not yet ruled on its motion to dismiss and that, if the Court denies the motion, not enough time is available to answer the First Amended Complaint, conduct discovery, and complete trial. Mot. 7-8. But had Texas waited for the district court's order denying its motion for a stay, it would have known that the district court plans to rule on the motion to dismiss by the end of January and to give Texas the full 14 days to file its Answer. ECF 76 at 7.

More fundamentally, Texas provides no support for its overarching argument that this Court should interfere with the district court's trial and related deadlines in the first instance. If a particular deadline the district court ordered proves impracticable, Texas is free to seek relief from that deadline in the district court. And if Texas is denied relief from a deadline in a way that prejudices it, Texas could conceivably raise that in an appeal from a final judgment (or file a mandamus petition, if the prejudice were extraordinary). *See, e.g., Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002) ("We review the district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders for abuse of discretion."). But there is no basis for Texas's suggestion that this Court should anticipatorily review the district court's scheduling decisions, let alone by imposing the blanket stay Texas requests.

In any event, the district court's schedule is reasonable. As to the discovery and merits proceedings, the parties previously managed to: (a) litigate a dispute

16

over expedited discovery; (b) complete expedited discovery; (c) hold an evidentiary hearing with multiple witnesses; and (d) submit post-hearing briefs, within a period of just 30 days after the United States filed its motion for preliminary injunction. The district court has allotted twice as much time for merits discovery and pre-trial proceedings by ordering that trial start on March 19, 2024, 60 days following the January 19, 2024, status conference. Texas never claimed any prejudice from the much shorter preliminary injunction schedule (and in fact requested expedited discovery), and Texas fails to show that it is incapable of meeting the current, comparatively lengthier one.

Indeed, while trial is required to allow both parties to present a full record, little fact discovery is necessary to prepare this case for trial. In its filings to date, Texas has already conceded many of the key material facts for both of the United States' claims. *See*, *e.g.*, ECF 71 at 2-3 (conceding "Texas placed a buoy system … in the Rio Grande near Eagle Pass, Texas"); ECF 26 at 5 (conceding, based on testimony of Texas's declarants, that "smaller vessels may operate in this segment" of the Rio Grande and that Texas itself operates "shallow-draft airboats" there); *id.* at 6 (conceding the barrier is approximately 1,000 feet long, equipped with a stainless steel anti-dive net, and anchored to the riverbed via concrete blocks). This further supports the reasonableness of requiring trial to start in this urgent case 60

days after the status conference, which will allow adequate time for expert

discovery.

Texas repeatedly attempts to rely on the concertina-wire case, Mot. 9-11, but

that case is markedly different. There, the district court directed the United States

to disclose thousands of pages of documents ex parte and in camera during

preliminary injunction proceedings. Here, the material facts related to Texas's

conduct are not in dispute, and the trial is likely to focus primarily on expert

testimony related to the navigability of the Rio Grande. As the district court

pointed out, ECF 76 at 11, that is an issue on which the United States bears the

burden, and any prejudice in proceeding quickly would fall on the United States,

not Texas.

Texas complains that it has too many irons in the fire to go to trial on the

district court's schedule. Mot. 10. But Texas has shown repeatedly in this very case

that it can move fast when it wants to, including by imposing compressed timelines

on the district court and this Court by filing the present "emergency" motion before

the district court ruled on its motion to stay and by demanding action on the motion

by this Court in two days. *See also* ECF 11 (motion for expedited discovery); ECF

51 (notice of appeal filed hours after preliminary injunction order); 5th Cir. Docket

No. 11 (motion for stay pending appeal filed day after preliminary injunction

order); 5th Cir. Docket No. 105 (petition for rehearing en banc filed 3 days after

panel opinion). With trial nearly two months away, the "urgency" here amounts to Texas's desire not to comply with the pre-trial deadlines set by the district court during the period that it would take this Court to rule on the motion in a more orderly fashion. Texas expresses surprise that the district court has decided to proceed with the merits on this six-month-old case, but that has long been the rule in this Circuit.

Finally, Texas suggests that "the district court's effort to hold an expedited trial could reasonably be seen as an attempt to interfere with (if not render moot) Texas's appeal of its preliminary injunction before the en banc Court." Mot. 12. Texas provides no evidence that this was the district court's intent, and the district court contemplated an expedited trial when it issued its preliminary injunction order. ECF 50 at 42 n.32. Indeed, the district court made clear that it intends to "provide a complete and full factual as well as legal record for the Fifth Circuit and/or the Supreme Court to consider" sooner rather than later, in recognition that this issue is almost certain to be subject to further litigation after the trial proceedings. ECF 76 at 15.

Regardless, Texas's speculation is not a basis for the blanket stay it seeks, which could delay merits proceedings in the district court until next year, even though the en banc Court's consideration is limited to only one of the United States' two claims (and even when that claim will be heard by the en banc court on

a truncated record). In the event that the district court reaches a final judgment before the en banc proceedings conclude—and if that judgment is adverse to Texas—Texas is free to seek a stay pending appeal of the final judgment, just has it has from the preliminary injunction.

### C.    A stay would significantly prejudice the United States.

Granting a stay of proceedings would prejudice the United States by delaying resolution of issues of federal law, including issues that, in Texas's own words, are of "exceptional importance." 5th Cir. Docket No. 105. The district court concluded months ago that this case warrants expedition, ECF 50 at 42 n.32, and nothing has changed in the interim to warrant a different conclusion. If anything, proceeding to the merits now is further justified by the amendment to the complaint asserting Texas's actions are contrary to Article VII of the 1848 Treaty of Guadalupe Hidalgo. The United States will be prejudiced if trial on that claim is stayed pending the en banc Court's review of an entirely separate claim. It will take at least four months just to brief and argue the issues slated for en banc review in this Court, and it could take substantially longer than that for the en banc decision following oral argument.

Texas's complaints about having to prepare quickly for trial do not carry significant weight and cannot justify the severe prejudice to the United States of

indefinitely withholding relief, including relief on the treaty claim that is not before this Court even in a preliminary posture.

## CONCLUSION

This Court should deny the motion for a stay of district court proceedings.

Respectfully submitted,

/s/ *Michael T. Gray*

| | |
|---|---|
| JAIME ESPARZA | TODD KIM |
| *United States Attorney* | *Assistant Attorney General* |
| | |
| LANDON WADE | ANDREW M. BERNIE |
| *Assistant United States Attorney* | MICHAEL T. GRAY |
| United States Attorney's Office | *Attorneys* |
| Western District of Texas | Environment and Natural Resources Division |
| 601 N.W. Loop 410, Ste 600 | U.S. Department of Justice |
| San Antonio, TX 78216 | Post Office Box 7415 |
| | Washington, D.C. 20044 |
| | (202) 532-3147 |
| | michael.gray2@usdoj.gov |

January 2024
90-5-1-1-22454

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2024, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/Michael T. Gray*
MICHAEL T. GRAY
*Attorney, Appellate Section*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3147
michael.gray2@usdoj.gov

**CERTIFICATE OF COMPLIANCE WITH**
**FEDERAL RULE OF APPELLATE PROCEDURE 32(A)**

I hereby certify that this response complies with the requirements of Fed. R.

App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a

proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of

Fed. R. App. P. 27(d)(2)(A) because it contains **5,136 words**, excluding the parts

of the response exempted under Rule 32(a)(7)(B)(iii), according to the count of

Microsoft Word.

*/s/Michael T. Gray*
MICHAEL T. GRAY
*Attorney, Appellate Section*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3147
michael.gray2@usdoj.gov