# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 16, 2024

Mr. Michael Thomas Gray
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7415
Washington, DC 20044-7415

Mr. Aaron Lloyd Nielson
Office of the Texas Attorney General
Solicitor General Division
P.O. Box 12548 (MC-059)
Austin, TX 78711-2548

Ms. Lanora Christine Pettit
Office of the Texas Attorney General
Solicitor General Division
P.O. Box 12548 (MC-059)
Austin, TX 78711-2548

    No. 23-50632   USA v. Abbott
                            USDC No. 1:23-CV-853

Dear Counsel:

<u>Briefing Notice in No. 23-50632, United States v. Abbott (en banc OA May 15, 2024)</u>

     Given that Texas has invoked its war powers under Article I, Section 10, Clause III of the U.S. Constitution, the en banc court directs the parties to submit letter briefs addressing the following:

     1. Does the political-question doctrine require dismissal of this entire action for want of jurisdiction in the federal courts, based on non-justiciability? Specifically, does the district court *à quo* have jurisdiction to determine whether

Texas has properly invoked its war powers by having been invaded or being in imminent danger of invasion?

2. If the district court is barred from adjudicating whether Texas has properly invoked its war powers, can either this court or the district court adjudicate the claims of the United States under the Rivers and Harbors Act despite the presence of that non-justiciable political question?

3. Did the district court err in holding that whether Texas has been invaded is a non-justiciable political question? If not, did the district court err in proceeding to issue a preliminary injunction despite the presence of that question?

4. In a hypothetical case, if an action is brought against the President, rather than a governor, for exercising the constitutional war power, do we apply the same justiciability analysis?

The attorneys may answer the questions in any order and may combine the answers. The attorneys are cautioned not to use their responses as an opportunity to comment on any other issues or concerns.

The letter briefs are not to exceed ten pages and are to be submitted by noon Wednesday May 22, 2024. Each side is permitted to submit a reply letter brief, not to exceed three pages, by noon Friday May 24, 2024. No extensions will be granted.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Casey A. Sullivan, Deputy Clerk
504-310-7642

cc:
  Ms. Munera Al-Fuhaid
  Mr. Andrew Marshall Bernie
  Mr. Monroe David Bryant Jr.
  Mr. William Francis Cole
  Mr. Matt A. Crapo
  Mr. David Michael Hurst Jr.
  Mr. Andrew D. Knudsen
  Mr. Brian H. Lynk
  Mr. William Jeffrey Olson
  Mr. Anthony J. Powell
  Mr. Ilya Somin

Mr. Johnathan Stone
Mr. Landon Wade
Mr. Ryan Daniel Walters
Mr. Coy Allen Westbrook