

MTG
90-5-1-1-22454

**U.S. Department of Justice**

Environment and Natural Resources Division

*Appellate Section*  *Telephone (202) 352-3147*
*P.O. Box 7415*  *Facsimile (202) 514-0557*
*Washington, D.C. 20044*

June 21, 2024

**BY CM/ECF**

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals
For The Fifth Circuit
600 S. Maestri Place, Ste. 115
New Orleans, Louisiana 70130

Re:   United States v. Abbott, No. 23-50632

Dear Mr. Cayce:

　　The United States submits this letter in response to the letter Texas filed to bring to this Court's attention *Starbucks Corp. v. McKinney*, No. 23-367 (June 13, 2024). In *Starbucks*, the Supreme Court held that when Congress by statute authorizes courts to issue equitable relief "there is a strong presumption that courts will exercise that authority in a manner consistent with traditional principles of equity." Slip Op. 4. For preliminary injunctions, those traditional equitable principles are encompassed in "the four criteria identified in" *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Slip. Op. 4.

　　Texas contends that *Starbucks* is "irreconcilable with the United States' position." Letter at 1. As explained in our en banc brief at pages 45-48, the traditional four-part test from *Winter* applies, but the "extraordinary weight courts of equity place upon the public interests in a suit involving more than a mere private dispute" is dispositive in the equitable calculus here. *United States v. Marine Shale Processors*, 81 F.3d 1329, 1358-59 (5th Cir. 1996). As the Supreme Court has expressly held with respect to the Rivers and Harbors Act, courts "are not at liberty to consider [alleged harms to an RHA defendant] as against the edict of a paramount power." *Sanitary Dist. of Chicago v. United States*, 266 U.S. 405, 432 (1925). Thus, the rule from *Marine Shale Processors* is based on "traditional principles of equity" and merely recognizes that the public interest may, as here, be dispositive in the equitable calculus. 81 F.3d at 1358. That is consistent with *Winter*, which held that the public interest in that case weighed

so heavily against injunctive relief as to overcome even actual success on the merits. 555 U.S. at 32-33.

    Regardless, the district court considered the four equitable factors here. U.S. Panel Br. 47-52; U.S. En Banc Br. 48-53. And the district court did not prevent Texas from making the record it wanted when it refused to allow Texas to backdoor evidence by asking a U.S. witness questions about which she had no knowledge. Letter at 2; U.S. Panel Br. 51.

    Respectfully submitted,

    s/Michael T. Gray

cc: Counsel of Record