

MTG
90-5-1-1-22454

**U.S. Department of Justice**

Environment and Natural Resources Division

*Appellate Section*     *Telephone (202) 532-3147*
*P.O. Box 7415*     *Facsimile (202) 514-0557*
*Washington, D.C. 20044*

July 2, 2024

**BY CM/ECF**

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals
For The Fifth Circuit
600 S. Maestri Place, Ste. 115
New Orleans, Louisiana 70130

Re:    United States v. Abbott, No. 23-50632

Dear Mr. Cayce:

      The United States responds to the letters submitted on June 24 and June 28, 2024, by Texas, purportedly under Federal Rule of Appellate Procedure 28(j). Neither letter complies with this Court's Guidance entitled "Important Note Regarding FRAP 28(j) Filings" and as such, this Court should reject both letters.

      The first letter concerns a blog post, which Texas says that it is submitting in further response to a question asked at oral argument. But no member of the court asked for a supplemental filing on that question, and as this Court's guidance makes clear, unless a member of the court "specifically requests information" at oral argument be submitted by letter, "counsel should not present additional matters" in a supposed Rule 28(j) letter.

      The second letter submits an article from the *New York Times* that has nothing to do with any "pertinent and significant authorities" not previously cited, but instead offers new factual material that was not submitted to the district court and thus is not part of the record on appeal. *Cf.* FRAP 10(a) (defining composition of record on appeal). Texas then uses the letter to make additional argument based on this new factual material. Use of Rule 28(j) in that manner is clearly inappropriate. *E.g.*, *United States v. Okoronkwo*, 46 F.3d 426, 435 (5th Cir. 1995) (declining to consider a newspaper article not submitted to the district court because it "constitutes an impermissible attempt to supplement the record on appeal"); *Keith v. Koerner*, 707 F.3d

1185, 1190 (10th Cir. 2013) (declining to consider letter that did not present "proper new authority but rather additional evidence not submitted to the district court").

As neither letter is a proper use of Rule 28(j), this Court should decline to consider both letters.

Respectfully submitted,

s/Michael T. Gray

cc: Counsel of Record