

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Lanora C. Pettit  
Principal Deputy Solicitor General

(512) 463-2127  
Lanora.Pettit@oag.texas.gov

August 6, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
U.S. Court of Appeals for the Fifth Circuit

 **Re:** *United States v. Abbott*, No. 23-50632

Dear Mr. Cayce:

 Pursuant to Rule 28(j), counsel notify the Court of developments during today's status conference of which the Court may wish to be aware before it issues its forthcoming mandate.

 Without prompting from either party, the district court raised the possibility that Judge Willett's opinion for the *en banc* Court "might not be precedential," based on unspecified "voices" and "chatter" the district court had either heard or read from *ex parte* sources who suggested that the opinion was "not entirely clear." Although undersigned was not present, the district court reportedly opined that "[w]e have a 9-9 split" because Chief Judge Richman "did not agree with the majority," and the separate opinion by Judge Ho "did not say anything at all."

 Accordingly, the district court ordered the parties to file additional briefs no later than September 20, 2024, addressing the impact of this Court's *en banc* decision. In the process, the district court provided citations to decisions that neither party had previously raised, and which he suggested either party might consider citing in support of an argument that the district court need not follow Judge Willett's opinion in this case. *Contra M.D. ex rel Stukenberg v. Abbott*, 977 F.3d 479, 483 (5th Cir. 2020) (Ho, J.) ("Accepting Plaintiffs' approach [to the mandate rule] would replace judicial hierarchy with judicial anarchy.").

 The district court also ordered the parties to refile any pre-trial filings and motions in limine on October 28, 2024, with objections to follow on October 30, 2024. Meanwhile, the district court opined that "a lot of people are shaking their

Page 2

heads at" Texas's demand for a jury trial, and indicated that "I may reopen" discovery, but *only* if the Fifth Circuit holds that Texas is entitled to a jury.

The State of Texas will furnish copies of the hearing transcript and the associated court orders as soon as they become available.

Respectfully submitted.

/s/ Lanora C. Pettit

Lanora C. Pettit
Principal Deputy Solicitor General

cc: all counsel of record (via e-mail)