

**U.S. Department of Justice**

Environment and Natural Resources Division

MTG
90-5-1-1-22454

---

*Appellate Section*          *Telephone (202) 532-3147*
*P.O. Box 7415*              *Facsimile (202) 514-0557*
*Washington, D.C. 20044*

August 8, 2024

**BY CM/ECF**

Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals
For The Fifth Circuit
600 S. Maestri Place, Ste. 115
New Orleans, Louisiana 70130

Re:     United States v. Abbott, No. 23-50632

Dear Mr. Cayce:

At this Court's direction, the United States responds to the letter submitted on August 6, 2024, by Texas regarding a status conference held in the district court on the same day, a week after the en banc Court entered judgment in this appeal. Texas's letter is extra-procedural, it pertains to a status conference where nothing of note happened, and it does not ask this Court to do anything. The Court should simply ignore it.

Texas has now filed the transcripts of the August 6 status conferences as well as an August 7 follow-up status conference, which speak for themselves.

Texas's letter concerns the status conference held on August 6. At that conference, the district court observed that the lead opinion in this appeal was joined by exactly half of the members of the en banc panel, and the district court wondered what, if anything, that meant for the legal standards that would govern at the trial. The district court therefore ordered briefing on the question. The court said over and over that it had not decided anything about the issue but wanted to consider it carefully before trial. Transcript at 4, 7-8, 18. There is no basis for Texas's intimating that the district court might not follow this Court's mandate. Letter at 1 (citing *M.D. ex rel Stukenberg v. Abbott*, 977 F.3d 479, 483 (5th Cir. 2020)).

At the end of its letter, Texas appears to fault the district court for ordering the parties to refile motions in limine at a later date, but Texas itself suggested that. Transcript at 28 (Texas suggesting "the parties can pull down any of those kind of discovery motions and fights so that they're not pending on your sheet" until a later date). Similarly, Texas notes the district court stated it may consider reopening discovery in the future. The district court has not reopened discovery, and at present neither party has asked that discovery be reopened. Texas's inclusion of this detail is thus irrelevant to any proceeding before this Court.

As Texas has not requested post-judgment relief from this Court, the Court should do nothing, and should allow the case to proceed in the normal fashion.

Respectfully submitted,

s/Michael T. Gray

cc: Counsel of Record