No. 24-50620

# In the United States Court of Appeals for the Fifth Circuit

IN RE GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS; AND STATE OF TEXAS,

*Petitioners.*

On Petition for Writ of Mandamus
to the United States District Court
for the Western District of Texas, Austin Division
Case No. 1:23-CV-00853

**UNOPPOSED MOTION
FOR EXTENSION OF TIME TO FILE
PETITION FOR REHEARING OR
PETITION FOR REHEARING EN BANC**

In accordance with Rules 26(b), 27, and 40(a)(1) of the Federal Rules of Appellate Procedure, Petitioners Governor Greg Abbott and the State of Texas (together, "the State") file this unopposed motion for an extension of time to file a petition for panel rehearing or petition for rehearing en banc of this Court's September 20, 2024, decision. In support thereof, the State respectfully submits the following:

**1.** On July 30, 2024, the en banc Fifth Circuit issued an opinion reversing the district court's preliminary injunction in this dispute over a marine barrier system Texas deployed in the Rio Grande. *See United States v. Abbott*, 110 F.4th 700 (5th Cir. 2024) (en banc). Later, the en banc Court issued its mandate instructing the district court to conduct any "further proceedings consistent with the majority opinion of the court" authored by Judge Willett. Mandate, *United States v. Abbott*, No. 23-50632, ECF 274-2 (5th Cir. Sept. 23, 2024).

**2.** Simultaneous with the en banc Fifth Circuit's review of the legal standards governing this litigation under the Rivers and Harbors Appropriations Act of 1899 (RHA), the parties continued to dispute whether any eventual trial should be tried to the bench or, instead, to a jury, as the State requested under the Seventh Amendment to the U.S. Constitution.

**3.** On September 20, 2024, the panel issued a published decision in this case refusing to the correct the denial of Texas's jury demand. *See In re Abbott*, 117 F.4th 729 (5th Cir. 2024). Any petition for panel rehearing or rehearing en banc of that decision is currently due by today, November 4, 2024. *See* FED. R. APP. P. 35(c), 40(a)(1)(A).

**4.** Appellants respectfully request that the Court extend that deadline by 30 days to **Wednesday, December 4, 2024**. The requested 30-day extension of time is necessary due to sudden changes to representations the district court and the United States previously made, and upon which the State had relied since the panel's decision was issued.

**5.** Although the State disagreed with the panel, it initially chose not to seek rehearing in light of the district court's representation that it would not re-open discovery if the case went forward as a bench trial: "[I]f the Fifth Circuit rules that there is no jury in this case, because it's equitable, then I won't reopen [discovery]." August 6th Hearing Tr. at 22 (included as Attach. 1 to Letter, *United States v. Abbott*, No. 23-50632, ECF 266 (5th Cir. Aug. 7, 2024)). After the State's counsel raised questions about the possibility of the district court "considering reopening discovery," the court reiterated: "I can assure you that that will not happen if they deny the request for a jury." *Id.* at 26. *See also* August 7th Hearing Tr. at 25 (included as Attach. 2 to Letter, *United States v. Abbott*, No. 23-50632, ECF 266 (5th Cir. Aug. 7, 2024)) (district court repeating this assurance verbatim).

**6.** The State also chose not to seek rehearing after the United States represented that it was not seeking further discovery and repeatedly disclosed that it would not even attempt to prove present or future navigability at trial. *See, e.g.*, Plaintiff's Proposed Findings, *United States v. Abbott*, No. 1:23-cv-00853, ECF 236 at 1–3 (W.D. Tex. Oct. 24, 2024) ("[T]he United States will not offer trial evidence on this issue and thus proposes no findings of fact below with respect to navigability based

on susceptibility to future commercial navigation as justified by a cost-benefit analysis."); Plaintiff's Pretrial Disclosures, *United States v. Abbott*, No. 1:23-cv-00853, ECF 241 at 2 (W.D. Tex. Oct. 28, 2024) (representing that the United States will not argue the stretch of river at issue is navigable "now or in the future" because the issues are "narrower" after the en banc Fifth Circuit's decision). The United States chose not to petition the Supreme Court of the United States for review of the en banc decision reversing the district court and announcing the governing legal standards for its RHA claim. *See* Sup. Ct. R. 13.1.

7. Today—on the final day of the 45-day period permitted for seeking rehearing of the panel's decision, Fed. R. App. P. 40(a); 5th Cir. R. 40.4—the district court held a remote status conference. The State has requested a copy of the hearing transcript and will furnish it to this Court as soon as it becomes available.

8. At the conference, the district court refused to rule on which opinion from the en banc Fifth Circuit controls proceedings on remand, even though trial was scheduled to begin in days, and the district court had previously indicated that it would " 'need to make a ruling on' " which opinion controls " 'prior to trial.' " *See* State's Motion to Clarify, *United States v. Abbott*, No. 1:23-cv-00853, ECF 250 (W.D. Tex. Nov. 1, 2024) (quoting the district court). Instead, the district court *sua sponte* continued the trial, which the United States had never requested. It *sua sponte* re-opened discovery on all issues, which again the United States had never requested, and the court had previously assured "will not happen." And it directed the United States to offer evidence about the future navigability issues that the United States—the plaintiff in this case—had expressly abandoned.

9. During the hearing, the district court then refused to entertain further argument from the State regarding any claims that these actions would prejudice the State—even though this abrupt change in course regarding discovery occurred *after* the parties had submitted their witness and exhibits list, as well their proposed findings of fact and conclusions of law.

10. The extension is sought in the interest of justice, not for delay, and no party will be prejudiced if this unopposed request for an extension of time is granted. This is the State's first request for an extension of time for any petition for panel rehearing or rehearing en banc.

11. The States requests 30 additional days to determine whether to seek additional review from this Court and to prepare appropriate papers. The additional time is necessary not just because of the date of the trial court's hearing but also because undersigned counsel for the State have had, and will have, the following engagements and deadlines since the panel's decision was issued, including but not limited to:

- A reply brief in support of an emergency motion for a stay in *La Union del Pueblo Entero v. Abbott*, No. 24-50783, filed in this Court on October 8;
- A motion for summary judgment in *North Dakota v. United States Department of the Interior*, No. Civil No. 1:24-CV-00066, filed in the United States District Court for the District of North Dakota on October 16;
- An opening brief in *Paxton v. Annunciation House, Inc.*, No. 24-0573, filed in the Supreme Court of Texas on October 17;
- Presenting oral argument before the Supreme Court of Texas in *DFPS v. Grassroots Leadership, Inc.*, No. 23-0192, on October 31;

- A response brief in *Free Speech Coalition v. Paxton*, No. 23-1122, due to be filed in the Supreme Court of the United States on November 15;

- A reply brief in *Paxton v. Am. Oversight*, No. 24-0162, due to be filed in the Supreme Court of Texas on November 18;

- Presenting oral argument before the United States Court of Appeals for the District of Columbia Circuit in *Media Matters for America v. Paxton*, No. 24-7059, on November 20; and

- An opening brief in *La Union del Pueblo Entero v. Abbott*, No. 24-50783, currently due in this Court on November 20;

- A response brief in *LULAC v. Abbott*, No. 24-50128, currently due in this Court on November 27;

- An opening brief due in *LULAC v. Abbott*, No. 54-5018, currently due in this Court on November 27;

- Presenting oral argument before the United States Court of Appeals for the Ninth Circuit in *Yelp Inc. v. Paxton*, No. 24-581, on December 4.

**12.** Lead Counsel for the State has also been and will continue to be staffed to numerous other public and private litigation matters within the Office of the Attorney General.

**13.** For the foregoing reasons, the State respectfully requests that the Court grant this unopposed motion for a 30-day extension of time to file any petition for panel rehearing or petition for rehearing en banc, making any such petition due on December 4, 2024.

Date: November 4, 2024

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General


Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Respectfully submitted.

Aaron L. Nielson
Solicitor General

/s/ Lanora C. Pettit
Lanora C. Pettit
Principal Deputy Solicitor General
Lanora.Pettit@oag.texas.gov

William F. Cole
Deputy Solicitor General

Counsel for Petitioners

## Certificate of Conference

On November 4, 2024, I conferred with Michael Gray, Michelle Melton, and Andrew Bernie, counsel for Respondent. Ms. Melton stated that Respondent is unopposed to this extension.

/s/ Lanora C. Pettit<br>
Lanora C. Pettit

## Certificate of Service

On November 4, 2024, this motion was served via CM/ECF on all counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Lanora C. Pettit<br>
Lanora C. Pettit

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,381 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Lanora C. Pettit<br>
Lanora C. Pettit